The STATE of Ohio, Appellee,

v.

KIMBRO, Appellant.

[Cite as *State v. Kimbro* (1996), 109 Ohio App.3d 802.]

No. 95CA006146.

Court of Appeals of Ohio,
Ninth District, Lorain County.

Decided March 13, 1996.

803

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Locke–Graves,* Assistant Prosecuting Attorney, for appellee.

*Kenneth Lieux,* for appellant.

QUILLIN, Presiding Judge.

Charles Kimbro appeals his conviction for selling or offering to sell a counterfeit controlled substance, a violation of R.C. 2925.37(B). We affirm.

On October 11, 1994, Randall Fitch assisted Elyria police conduct what police referred to as a "bum rush"—an operation where either an undercover officer or an informant drives through an area of suspected drug activity in hopes of purchasing drugs. The police have no specific target in mind at the outset of such an operation; the informant is simply wired, provided some money and told to approach people on the street and attempt to purchase drugs. Once a transaction has been made, the informant relays a description of the seller to officers in the area who then arrest the seller.

Fitch was wired, provided a car and $40, and told to drive slowly along several streets in Elyria. Before long, he was approached by Kimbro on a bicycle. After an initial conversation, Fitch asked Kimbro what he could get for $40. Kimbro reached into his pocket and pulled out what appeared to be four pieces of crack cocaine. The two then made the exchange. As Kimbro rode off on his bike, Fitch described him to the officers listening on the wire. An officer involved in the investigation approached Kimbro and pulled his vehicle into a driveway across Kimbro's path. After identifying himself as a police officer, he ordered Kimbro to stop. Kimbro turned and headed the other direction. As other police officers moved in, Kimbro abandoned his bicycle and attempted to flee on foot. He was caught a short time later.

Despite its resemblance to crack, the substance which Kimbro sold to Fitch tested negative for cocaine. As a result of the incident, Kimbro was charged with trafficking in counterfeit controlled substances and resisting arrest. After a jury trial, Kimbro was convicted as charged. He now appeals.

### Assignment of Error No. I

"The trial court erred in refusing to instruct the jury on the affirmative defense of entrapment, in violation of appellant's due process rights under the Ohio and United States Constitutions."

"[A] trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus. "A defendant is entitled to have his instructions included in the charge to the jury only when they are a correct statement of the law, pertinent and not included in substance in the general charge." *State v. Theuring* (1988), 46 Ohio App.3d 152, 154, 546 N.E.2d 436, 438. If a requested instruction is not pertinent to the facts of the case, the court need

not include it in its charge to the jury. See *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 20 O.O.3d 249, 251–252, 421 N.E.2d 157, 160–161.

Kimbro contends that the trial court committed reversible error by refusing to instruct the jury on the defense of entrapment. We disagree.

■ "When an accused raises the defense of entrapment, the commission of the offense is admitted and the accused seeks to avoid criminal liability * * * by maintaining that the government induced him to commit an offense that he was not predisposed to commit." *State v. Doran* (1983), 5 Ohio St.3d 187, 193, 5 OBR 404, 409, 449 N.E.2d 1295, 1300. "[E]ntrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the * * * offense and induce its commission in order to prosecute." *Id.* at paragraph one of the syllabus. "[E]ntrapment is not established when government officials 'merely afford opportunities or facilities for the commission of the offense' and it is shown that the accused was predisposed to commit the offense." *Id.* at 192, 5 OBR at 409, 449 N.E.2d at 1299. Because entrapment is an affirmative defense, it is the burden of the defense to prove entrapment by a preponderance of the evidence. *Id.* at paragraph two of the syllabus and R.C. 2901.05(A).

■ Here, the evidence does not support an entrapment instruction. Indeed, all the evidence indicates that Kimbro was predisposed to commit the offense: Kimbro approached the informant's car; Kimbro asked the informant if he was a police officer; and, when asked what $40 could buy, Kimbro pulled what appeared to be four pieces of crack cocaine from his pocket and offered them for sale. Accordingly, we conclude that the trial court did not err by declining to instruct the jury on entrapment. Kimbro's first assignment of error is overruled.

### Assignment of Error No. II

"The trial court erred in giving an incorrect definition of the essential element of counterfeit controlled substance, in violation of appellant's due process rights under the Ohio and United States Constitutions."

The trial court based its definition of "counterfeit" on 4 Ohio Jury Instructions, Section 525.37(4) and instructed the jury as follows:

" 'Counterfeit' means to imitate, and pass for something else. 'Counterfeit' also means not genuine, fake, false, or unreal."

Kimbro contends that the trial court erred by not providing the jury with the statutory definition of "counterfeit controlled substance" set forth in R.C. 2925.01(P) (now [O] ).

"(P) 'Counterfeit controlled substance' means any of the following:

"(1) Any drug that bears, or whose container or label bears, a trademark, trade name, or other identifying mark used without authorization of the owner of rights to such trademark, trade name, or identifying mark;

"(2) Any unmarked or unlabeled substance that is represented to be a controlled substance manufactured, processed, packed, or distributed by a person other than the person that manufactured, processed, packed, or distributed it;

"(3) Any substance that is represented to be a controlled substance but is not a controlled substance or is a different controlled substance;

"(4) Any substance other than a controlled substance that a reasonable person would believe to be a controlled substance because of its similarity in shape, size, and color, or its markings, labeling, packaging, distribution, or the price for which it is sold or offered for sale."

It is true that, as the Ohio Supreme Court has noted, trial courts "should limit definitions, where possible, to those definitions provided by the legislature in order to avoid unnecessary confusion and needless appellate challenges." *State v. Williams* (1988), 38 Ohio St.3d 346, 356, 528 N.E.2d 910, 921, fn. 14. It is also true, however, that an appellate court may not reverse a conviction based on improper jury instructions "unless the accused was or may have been prejudiced thereby." R.C. 2945.83(D); Crim.R. 33(E)(4).

Although Kimbro argues that the trial court should have instructed the jury on the statutory definition, he has not indicated, nor does the record show, how the instruction given by the trial court prejudiced Kimbro's defense. We conclude, therefore, that any error associated with the instruction was harmless. Accordingly, Kimbro's second assignment of error is overruled.

*Judgment affirmed.*

BAIRD and SLABY, JJ., concur.