DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a bench trial, found appellant, Antonio Ellison, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On September 24, 2001, appellant was indicted on two counts: one count of trafficking in drugs in violation of R.C. 2925.03(A) and (C)(4)(g) and one count of possession of drugs in violation of R.C. 2925.11(A) and (C)(4)(f); both counts included a major drug offender specification, R.C. 2941.1410. Appellant entered a plea of not guilty. After several continuances, appellant's trial began on August 28, 2002, and concluded on August 29, 2002. The trial court found appellant guilty on all counts. On September 12, 2002, appellant was sentenced to a term of ten years on each of the drug counts, to be served concurrent to each other. Appellant filed a timely notice of appeal.
 {¶ 3} Appellant sets forth the following three assignments of error:
 {¶ 4} "ASSIGNMENT OF ERROR NO. 1:
 {¶ 5} "The Trial Court committed reversible error in finding the Defendant/Appellant Guilty of the Offenses as charged in the Indictment, as such finding was against the manifest weight of the evidence. There was sufficient evidence presented at Trial to establish the defense of Legal Entrapment. There was a failure on the Trial Court's part to make specific findings on those relevant factors that must be considered in such defense, which are necessary to support a finding and order of Guilt.
 {¶ 6} "ASSIGNMENT OF ERROR NO. 2:
 {¶ 7} "The Trial Court committed reversible error in improperly assuming that the State had authority under Section 3719.141 O.R.C. to implement a "Reverse Buy" with Appellant in the form and manner as described in the drug transaction, and further that the State had met all of the necessary statutory criteria to proceed in implementing such transaction.
 {¶ 8} "ASSIGNMENT OF ERROR NO. 3:
 {¶ 9} "Appellant received ineffective assistance of Counsel during the Course of the Trial Court proceedings in violation of his Fifth,Sixth and Fourteenth Amendment rights to the United States Constitution, which denied Appellant a fair Trial."
 {¶ 10} In his first assignment of error, appellant argues that the trial court committed reversible error in finding appellant guilty of the offenses charged as such findings were against the manifest weight of the evidence. Appellant specifically argues that there was sufficient evidence to establish the defense of legal entrapment. This court finds no merit in this assignment of error.
 {¶ 11} In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 {¶ 12} "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Id.
 {¶ 13} In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 {¶ 14} "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find thegreater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis added by Court.) Id. at 387.
 {¶ 15} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 16} In regard to appellant's argument that the finding of guilt was against the manifest weight of the evidence because he established the defense of entrapment, the court in State v. Doran (1983),5 Ohio St.3d 187, paragraph one of the syllabus, held:
 {¶ 17} "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Entrapment is an affirmative defense under R.C. 2901.05(C)(2). Id., paragraph two of the syllabus. "Entrapment is a `confession and avoidance' defense in which the defendant admits committing the acts charged, but claims that the criminal design arose with the state's agent. (Citation omitted.) The primary consideration in any determination of entrapment is the defendant's predisposition to commit the crime. (Citations omitted.)"State v. Johnson (1982), 4 Ohio App.3d 308, 310. When the defendant is ready and willing to break the law, the fact that a government agent provides what appears to be a favorable opportunity to do so is not entrapment as a matter of law. State v. Powers (June 29, 1994), 9th Dist. No. 2285-M. A defendant has the burden of proving entrapment by a preponderance of the evidence. R.C. 2901.05(A); State v. Kimbro (1996),109 Ohio App.3d 802, 805.
 {¶ 18} Ohio courts use a subjective test to determine whether a defendant was predisposed to commit a crime. To assist in determining predisposition, the Doran court advanced a nonexclusive list of relevant factors: "(1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity." Doran, 5 Ohio St.3d at 192.
 {¶ 19} Although appellant argues that he had no previous involvement in criminal activity of the nature charged, that is only one of the nonexclusive Doran factors. According to the testimony of the informant, appellant approached the informant asking about a drug deal months before the informant began cooperating with the police. Thus, it was not the police who implanted the idea of a drug deal in appellant's mind. Although appellant's testimony conflicted with the informant's as to who initiated the discussion of dealing drugs, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believes the prosecution testimony. State v. Warren (1995), 106 Ohio App.3d 753, 760.
 {¶ 20} Appellant's predisposition to commit the crimes for which he was convicted was not implanted by law enforcement merely by having the informant agree to sell cocaine to appellant. It is clear from the recorded phone conversations that appellant willingly involved himself in the criminal activity. Nothing in the record would persuade this court that the events which transpired between the informant and appellant were anything but voluntary. There was nothing in the recorded telephone conversations between the informant and appellant to indicate that appellant was coerced, bribed or threatened into purchasing the drugs.
 {¶ 21} Accordingly, "`where there exists credible evidence that one has the "predisposition and criminal design" to commit the acts for which he claims entrapment and he was merely provided the opportunity to commit the act for which he was "apt and willing" the defense of entrapment has not been established.'" State v. Jones (Mar. 17, 1995), 11th Dist. No. 94-L-060. Thus, the evidence introduced was more than sufficient for the trial court to conclude that appellant was predisposed to commit the crimes of which he was convicted and, thus, was not entrapped by the police.
 {¶ 22} After a careful review of the record, we cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it found appellant had not established by a preponderance of the evidence the affirmative defense of entrapment and convicted appellant of trafficking in and possession of drugs. The evidence in this case indicates that appellant was predisposed to buy cocaine. Consequently, and consistently with State v. Doran, supra, we conclude that the trial court correctly determined that appellant failed to establish the defense of entrapment, because he failed to establish any reasonable likelihood that the criminal design in this case originated with an official of the government and was implanted in the mind of an innocent person not otherwise disposed to commit the offense.
 {¶ 23} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 24} In his second assignment of error, appellant argues that the trial committed reversible error in assuming that the state had authority under R.C. 3719.141 to implement a "reverse buy" and in assuming that the state had met all the necessary statutory criteria to proceed with such a transaction. This court finds no merit in this assignment of error.
 {¶ 25} Appellant's second assignment of error is found not well-taken on the authority of State v. Manning (July 28, 2000), 6th Dist. No. L-99-1344 (the "reverse buy" statute does not provide a remedy for a defendant due to alleged non-compliance with the statute by the police.).
 {¶ 26} In his third assignment of error, appellant argues that he received ineffective assistance of counsel during the trial court proceedings. This court finds no merit in this assignment of error.
 {¶ 27} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
 {¶ 28} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 29} It is well established that the Constitution does not guarantee a perfect trial or even the best available defense. TheSixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. State v. Martens,90 Ohio App.3d at 351. Effective assistance of counsel does not guarantee results. Statev. Longo (1982), 4 Ohio App.3d 136, 139.
 {¶ 30} Appellant contends that counsel was ineffective in the following ways: (1) in failing to file pretrial motions attacking R.C. 3719.141, the "reverse buy" statute, or its implementation; (2) in only making one objection during trial; and (3) in making substandard and deficient cross-examination of all of the state's witnesses.
 {¶ 31} Appellant's first contention is that trial counsel was ineffective in failing to file pretrial motions attacking R.C. 3719.141
or its implementation. However, in appellant's second assignment of error, this court concluded that R.C. 3719.141 does not provide a remedy for a defendant due to alleged non-compliance with the statute by the police. Thus, it would have been a futile gesture for appellant's trial counsel to attack R.C. 3719.141 or its implementation.
 {¶ 32} Appellant's second contention is that his trial counsel was ineffective in only making one objection during trial. The decision not to object is one of trial strategy. State v. Hunt (1984),20 Ohio App.3d 310, 311 (trial counsel's failure to make objections are `within the realm of trial tactics' and do not establish ineffective assistance of counsel.). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." State v. Phillips
(1995), 74 Ohio St.3d 72, 85. The decision of trial counsel not to pursue every possible trial tactic for reasons of strategy does not result in ineffective assistance of counsel. State v. Brown (1988),38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040.
 {¶ 33} Appellant's third contention is that his trial counsel was ineffective in cross-examining all of the state's witnesses. Generally, whether to cross-examine witnesses and the extent of that cross-examination is a tactical matter committed by the discretion of trial counsel and cannot form the basis for an ineffective assistance of counsel claim. State v. Flors (1987), 38 Ohio App.3d 133, 139 (extent to which trial counsel cross-examines the state's witnesses is largely a matter of trial strategy and does not demonstrate ineffective assistance of counsel). Therefore, we find that trial counsel was not ineffective as contended by appellant. Taken in context, the actions of appellant's attorney did not fall below the required professional standard of reasonable representation.
 {¶ 34} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 35} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
Judgment affirmed.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J., concur.