[Cite as *State v. Duran*, 2014-Ohio-5208.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-13-1253

    Appellee                                 Trial Court No. CR90-5991

v.

Richard Garcia Duran                    **DECISION AND JUDGMENT**

    Appellant                                 Decided:  November 21, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy J. Jarrett, Assistant Prosecuting Attorney, for appellee.

David Klucas, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Richard Garcia Duran, appeals the August 6, 2013 judgment of the Lucas County Court of Common Pleas which found him to be a sexual predator.  Because we find that the classification is supported by clear and convincing evidence, we affirm.

{¶ 2} In 1990, appellant, following a plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), was found guilty of one count of rape of a minor under the age of 13. Appellant was sentenced to an indefinite term of six to 25 years in prison. On August 20, 2010, while still in prison, appellant filed a pro se motion to vacate his sex offender classification based on general claims of constitutional violations. In response, the state asserted that appellant had never been judicially designated a sex offender and requested that the court confirm his Tier III status under the Adam Walsh Act, or R.C. 2950.09, as amended in 2007 by Am.Sub.S.B. 10. On February 11, 2011, the trial court denied appellant's motion finding that there was no court order classifying appellant as a sexual offender.

{¶ 3} Thereafter, on March 12, 2012, appellant filed a pro se motion for resentencing requesting that he be resentenced under the sexual offender classification statutes in effect at the time the crime was committed. Appellant argued that the additional burdens in the amendments to the sex offender classification laws were punitive in nature. In response, the state argued that appellant should be classified pursuant to the 1997 version of Megan's Law.

{¶ 4} On March 6, 2013, the trial court granted appellant's motion and ordered that a hearing be conducted in order to determine whether he should be classified as a sexual predator under Megan's Law. The court agreed with appellant and the state that the Ohio Attorney General's classification of appellant as a Tier III sexual offender under the Adam Walsh Act was improper based on the Supreme Court of Ohio's decision in

2.

*State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (court

determined that S.B. 10 was unconstitutional as applied to defendants who committed sex

offenses prior to its enactment).

{¶ 5} Appellant was ordered to undergo a diagnostic evaluation which was

conducted on May 30, 2013, and a report was sent to the court on June 12, 2013.  On

July 31, 2013, the sexual offender classification hearing was held.  No testimony was

presented and the evaluation report as well as appellant's prior criminal history were

admitted into evidence.  At the conclusion of the hearing, the trial court found appellant

to be a sexual predator and informed him of his notification requirements.  The judgment

entry on the finding was journalized on August 6, 2013, and this appeal followed.

{¶ 6} Appellant raises two assignments of error for our review:

Assignment of Error No. 1:  The trial court committed reversible

error when it classified Mr. Duran as a sexual predator.

Assignment of Error No. 2:  Mr. Duran did not receive effective

assistance of counsel at the classification hearing.

{¶ 7} Appellant's first assignment of error argues that the trial court erred in

classifying him as a sexual predator.  Appellant first contends that the classification

violates the prohibition against Ex Post Facto laws found in the Ohio and United States

Constitutions.  Appellant then argues that, even assuming that the classification was

constitutionally permissible, the court erred in finding that appellant is a sexual predator.

3.

**{¶ 8}** The Supreme Court of Ohio has repeatedly held that the S.B. 5 version of R.C. Chapter 2950, or Megan's Law, is remedial in nature. Thus, its application to offenses committed prior to its 1997 enactment does not violate the prohibition against Ex Post Facto or retroactive punishments. *See State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110. Appellant notes that the "complexion" of the Ohio Supreme Court has changed and that it is more willing to view the sex offender registration requirements as punitive in nature. In this vein, the court addressed the issue of the constitutionality of the S.B. 10 amendments to R.C. Chapter 2950 known as the Adam Walsh Act. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In *Williams*, the court found that the registration requirements violated the prohibition on retroactive statutes as to the offender whose crime was committed prior to its effective date. *Id.* at syllabus. The court distinguished the S.B. 5 amendments which it found remedial and the S.B. 10 amendments which it found punitive. Specifically, the court found punitive the fact that the sexual predator label is now permanent for adult offenders, the registration requirements are more onerous, and the community notification was expanded. *Id.* at ¶ 14.

**{¶ 9}** In the present case, because appellant's reclassification proceedings were conducted according to the 1997, or S.B. 5 statutory amendments, they were constitutionally applied to appellant. Appellant next disputes the court's finding that he is a sexual predator.

4.

{¶ 10} A sexual predator is defined by R.C. 2950.01(E)(1) as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."  Appellant was convicted of rape of a minor less than 13 years of age, a sexually oriented offense which is not registration exempt under R.C. 2950.01(P) and (Q).

{¶ 11} R.C. 2950.09(B)(3) sets forth the statutory factors the court must consider in determining whether one should be classified as a "sexual predator."  That section provides:

(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including but not limited to, all of the following:

(a) The offender's or delinquent child's age;

(b ) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

{¶ 12} A trial court need not find all or even a majority of these factors in order to classify an offender as a sexual predator. *State v. Whitson*, 6th Dist. Wood No. WD-99-034, 2000 WL 353122, *5 (Apr. 7, 2000). However, clear and convincing evidence must support a trial court's determination that an offender is a sexual predator. R.C. 2950.09(B)(4). The Supreme Court of Ohio has held that an appellate court must apply the civil manifest-weight-of-the-evidence standard in its review of the trial court's findings in a sex offender classification. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 32. Under this standard, the trial court's determination will be upheld if it is supported by some competent, credible evidence. *Id.*

{¶ 13} In the present case, the trial court reviewed appellant's prior criminal record and the evaluation by clinical psychologist Dr. Charlene Cassel which ultimately recommended that appellant be classified as a "habitual child-victim offender." The court then discussed each of the R.C. 2950.09(B)(3) factors and found the following. Appellant was 46 years old at the time of the offense and the victim was 11 years old. The court noted that there were charges relating to two other victims who were 12 and 13, but that they did not result in a conviction. Appellant did not use drugs or alcohol to impair the victim. The court stated that appellant had been convicted of numerous offenses and one prior sexual offense. Appellant had completed sex-offender treatment but still referred to the offense as poor judgment and blamed the victim for his behavior.

7.

No evidence of mental illness noted. As to the cruelty factor, the court stated that it was a "fine line" because although not severe, there was information that force was used to initiate the sexual contact and that the victim was warned not to tell anyone.

{¶ 14} The court then reviewed the various standardized testing results which indicated that appellant was at a moderate risk for reoffending. The court then concluded that appellant would be classified as a sexual predator.

{¶ 15} Upon review, we find it clear that the trial court thoroughly reviewed the evidence presented at the classification hearing in light of the R.C. 2950.09(B)(3) factors. We further conclude that clear and convincing evidence supports the court's determination that appellant is a sexual predator. Appellant's first assignment of error is not well-taken.

{¶ 16} In his second assignment of error, appellant contends that he was denied the effective assistance of counsel where appointed counsel failed to call or cross-examine any witnesses. Specifically, appellant argues that counsel should have cross-examined Dr. Cassel regarding the evaluation report relied upon by the court.

{¶ 17} The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 686-687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, were so demonstrably unfair that there is a reasonable probability that the

8.

result would have been different absent his attorney's deficient performance. *Id.* at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. *Id.* at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. *State v. Hamblin*, 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476 (1988). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips,* 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel. *Id.*

{¶ 18} In the present case, appellant argues that his counsel should have, at minimum, cross-examined Dr. Cassel regarding her evaluation of appellant and her conclusions drawn therefrom. In particular, appellant contends that counsel should have questioned Cassel about the reliability of the standardized testing she performed We note that, in general, the decision to cross-examine witnesses and the extent of cross-examination of a witness is a tactical decision and left to the discretion of trial counsel. *State v. Ellison*, 6th Dist. Lucas No. L-02-1292, 2003-Ohio-6748, ¶ 33. *See State v. Hanna,* 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 118. Thus, we will not question counsel's strategic decision not to question Dr. Cassel and to rely instead on her report. Appellant's second assignment of error is not well-taken.

9.

**{¶ 19}** On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.