[Cite as *State v. Graham*, 2019-Ohio-2033.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28019 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2991/8 |
| | : | |
| VANESSA GRAHAM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 W. Second Street, Suite 1717, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Vanessa Graham appeals from a judgment of the Montgomery County Court of Common Pleas, which convicted her of one count of aggravated trafficking in drugs and two counts of illegal sexual activity in a sexually oriented business. Specifically, Graham challenges the trial court's pre-trial ruling barring her from presenting an entrapment defense during voir dire or opening statements. We conclude that she demonstrated no prejudice from the ruling, so we affirm.

## I. Facts and Procedural History

{¶ 2} In September 2017, Graham was indicted on one count of aggravated trafficking in drugs (schedule I or II), under R.C. 2925.03(A)(1) and (C)(1)(a), and two counts of illegal sexually oriented activity in a sexually oriented business (touching a specified anatomical area), under R.C. 2907.40(C)(2) and (E). The State filed a motion in limine asking the trial court to prohibit Graham from raising the affirmative defense of entrapment in voir dire, opening statements, or cross-examination.

{¶ 3} On the first day of trial, the court partially granted the State's request. The court told Graham that she could not present entrapment in voir dire or opening statements and, further, not to mention entrapment until evidence was proffered or presented that would "allow the Court a reasonable degree of certainty that the entrapment defense will be a viable one" (Tr. 5) or that "establish[es] a good faith basis" to bring up entrapment (*id.* at 6). After the close of all evidence, the trial court concluded that Graham had failed to present sufficient evidence of entrapment and declined to instruct the jury on the defense.

{¶ 4} The jury found Graham guilty on all three counts, and the court sentenced her to community control.

**{¶ 5}** Graham appeals.

## II. Analysis

**{¶ 6}** Graham presents two assignments of error for our review. In the first assignment of error she alleges that the trial court erred by granting the State's motion in limine as to entrapment. In the second assignment, Graham argues that defense counsel was ineffective for not proffering entrapment evidence.

### A. Prohibiting presentation of an entrapment defense

**{¶ 7}** The first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR IN GRANTING PRE-TRIAL MOTIONS, WHICH IMPROPERLY IMPEDED APPELLANT'S CONSTITUTIONAL RIGHT TO TESTIFY ON HER OWN BEHALF AND CONSEQUENTLY HAVE EVIDENCE PRESENTED AT TRIAL TO PERMIT AN ENTRAPMENT DEFENSE.

**{¶ 8}** " 'A motion in limine is a motion directed to the inherent discretion of the trial court judge to prevent the injection of prejudicial, irrelevant, inadmissible matters into trial.' " *Lingo v. Leeper*, 2d Dist. Montgomery No. 18865, 2002 WL 360661, *1 (Mar. 8, 2002), quoting *Mason v. Swartz*, 76 Ohio App.3d 43, 55, 600 N.E.2d 1121 (6th Dist.1991). "[D]ecisions granting or denying a motion in limine are reviewed under an abuse-of-discretion standard of review." (Citation omitted.) *Estate of Johnson v. Randall Smith, Inc.*, 135 Ohio St.3d 440, 2013-Ohio-1507, 989 N.E.2d 35, ¶ 22.

**{¶ 9}** Entrapment occurs when "the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to

commit the alleged offense and induce its commission in order to prosecute." *State v. Doran*, 5 Ohio St.3d 187, 192, 449 N.E.2d 1295 (1983). It is an affirmative defense under R.C. 2901.05, which the defendant must prove by a preponderance of the evidence. *Id.* at 193. "The ultimate issue is whether a preponderance of the evidence establishes that the accused lacked the predisposition to commit the offense with which he is charged." *State v. Seebeck-Horstman*, 67 Ohio App.3d 443, 446, 587 N.E.2d 359 (2d Dist.1990).

{¶ 10} "The question of entrapment is generally one for the jury, rather than for the court." *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). But the issue may be decided as a matter of law in clear cases. *See Sherman v. United States*, 356 U.S. 369, 377, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) (saying that "unless it can be decided as a matter of law, the issue of whether a defendant has been entrapped is for the jury as part of its function of determining the guilt or innocence of the accused"); *Jacobson v. United States*, 503 U.S. 540, 549, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992) (concluding that "the prosecution failed, as a matter of law, to adduce evidence to support the jury verdict that petitioner was predisposed * * * to violate the law"). As such, if insufficient evidence of entrapment has been presented at trial, the defense will not be submitted to the jury. *See State v. Kimbro*, 109 Ohio App.3d 802, 673 N.E.2d 192 (9th Dist.1996) (holding that the trial court did not err by declining to instruct the jury on entrapment, because "the evidence does not support an entrapment instruction").

{¶ 11} Here, before the trial began, the trial court ruled from the bench on the State's motion in limine seeking to bar presentation of an entrapment defense:

THE COURT: All right. We're outside the presence of the jury * * * for the purposes of officially ruling on certain motions, particularly the State's

motion in limine regarding the entrapment defense and the limine instruction request that the entrapment defense not be brought up during any statements of voir dire or in opening statements. Is that an accurate recitation of that portion of the motion?

[PROSECUTOR]: Yes, Your Honor. The State had more fully developed the reasoning for that, which there's no reason to go into here today, but as it relates to, I think, what the Court is going to rule, as it relates to voir dire and opening statements, that's correct.

THE COURT: All right. Insofar as that, the Court has earlier indicated on the telephone to both parties that the Court is granting the State's motion in limine to that effect, as evidence has not been proffered, at this point, sufficient to allow the Court a reasonable degree of certainty that the entrapment defense will be a viable one, and at this time, is going to limit the Defense from mentioning any statements regarding entrapment or the facts around it in voir dire and in opening statements, and is going to limit that until such evidence has been provided sufficient to satisfy the requisite burden.

[Defense Counsel], it's my understanding you wish to object to that?

[DEFENSE COUNSEL]: Yes, Your Honor. For the record, we are objecting. We do believe that we have the right to a fair and impartial jury and bringing up our defense to see whether they would even entertain it, I think, is very relevant. And as I said, we are looking for a fair and impartial jury. Also, with opening statements being limited to not talking about the

entrapment, we do—opening statements aren't for us to say what we believe the evidence will show. I don't think that we have to show the Court, at this time, that the entrapment defense will—that we will meet the burden, but we will—we want to be able to speak about entrapment in opening statements.

We believe that the evidence will show entrapment, and the State can absolutely on their closing statements bring up if I did not meet the burden, can say I brought it up in opening statements. I didn't meet my burden. But I do believe that the Court is limiting our defense and [it] is a reversible error. Thank you.

THE COURT: All right. Thank you very much. That said, having no additional grounds to bring that, no evidence put forward yet to establish a good faith basis in bringing in the entrapment defense, this Court will stand by its ruling. * * *

(Tr. 4-6).

{¶ 12} The trial court did not make a pre-trial determination as to whether an entrapment defense was available to Graham. Rather, the court merely prevented Graham from presenting the defense to the jury until sufficient evidence had been introduced showing that entrapment was a viable defense. The court reserved a final ruling until all the evidence had been presented at trial. Indeed, after all the evidence had been presented and jury instructions were being discussed, the court concluded that there was insufficient evidence to instruct the jury on entrapment.

{¶ 13} Graham claims that the court's pre-trial ruling hindered her ability to testify

completely and thoroughly and severely limited her ability to defend herself. She says that the ruling prevented her from presenting evidence that might reasonably have led a juror to find her not guilty of drug trafficking. If she had been permitted to present the evidence precluded by the court's ruling, Graham says, the jury could have been instructed on an entrapment defense and the jury reasonably could have found her not guilty of the charges.

{¶ 14} But we see little evidence in the record supporting these claims. The trial court's ruling applied only to voir dire and opening statements—neither of which is evidence. Graham does not cite anywhere in the record where the trial court stopped her from presenting entrapment evidence at trial. On the contrary, the record shows that Graham did in fact present evidence that she argued supported her claim of entrapment— the testimony of a defense witness. (Tr. 292-329, 335). Ultimately, Graham presented little evidence that she was not already predisposed to trafficking in drugs.

{¶ 15} What the trial court did here appears to be somewhat of a common practice in the federal district courts of the Seventh Circuit. In one case, the government filed a motion in limine asking the district court to preclude the defendants from presenting an entrapment defense unless they could first show some evidence of entrapment. *United States v. Finley*, 708 F.Supp. 906 (N.D.Ill.1989). The defendants responded only that they would be able to present such evidence. The district court noted that "the government seeks not a pretrial determination of whether an entrapment defense is available, but only an assurance that defense counsel will not argue entrapment to the jury unless and until sufficient evidence has been presented to create a jury question as to entrapment." *Id.* at 914. The court said that the government's position accorded with the law and ordered

that "[a]rgument concerning entrapment is thus not to be included in any opening statements which are made before the government puts on its case." *Id.*

**{¶ 16}** In another case, the government filed a motion in limine to bar the defendant from presenting an entrapment defense at trial, arguing that the defendant could not set forth sufficient prima facie evidence to demonstrate a viable entrapment issue. *United States v. Blassingame*, 197 F.3d 271 (7th Cir.1999). The defendant did not proffer any entrapment evidence. The district court did not bar the defense but ruled that entrapment could not be argued to the jury until and unless the defense proffered or showed sufficient evidence. The Seventh Circuit Court of Appeals held that this ruling was proper and that the district court did not abuse its discretion, saying that "there exists substantial legal authority to support the court's decision to require a sufficient proffer or showing of entrapment evidence before such defense may be presented to the jury." *Id.* at 280.

**{¶ 17}** In a final case, the government filed a pre-trial motion to preclude the defendants from asserting an entrapment defense at trial, arguing that the defendants would not be able to set forth sufficient prima facie evidence to demonstrate a viable entrapment defense. *United States v. Lewis*, N.D.Ill. No. 07 CR 07, 2008 WL 5083131 (Nov. 25, 2008). The district court said that, "where a defendant fails to proffer entrapment evidence, the court can appropriately find that his response to a government's motion to preclude an entrapment defense is 'insufficient as a matter of law' and 'issue a pretrial ruling precluding the presentation of the defense at trial.' " *Id.* at *3, quoting *Blassingame* at 279. One defendant in the case submitted a pre-trial proffer of evidence supporting an entrapment defense; the other did not. The court granted the government's motion as to the latter defendant. As to the one who submitted evidence, the district court concluded

that the proffer was sufficient and reserved a final ruling on the government's motion until it had considered all the evidence presented at trial. Still, the court ruled that "[c]omments concerning entrapment are therefore not to be included in any opening statements which are made before the government puts on its case." *Id.*

{¶ 18} Despite what appears to be a practice in the Seventh Circuit, we believe the better practice would be for the trial court to have informed the defense that discussion of entrapment would be permitted in voir dire and opening statements, but that if the defense failed to present sufficient evidence at trial to submit the matter to the jury, the court would specifically instruct the jury to entirely disregard the issue of entrapment and counsel's references to it. Ultimately, though, in this case, no evidence was presented or proffered that Graham had been entrapped and, as such, we cannot conclude that the trial court's prohibition of references to entrapment during voir dire and opening statements prejudice Graham.

{¶ 19} The first assignment of error is overruled.

### B. Claim of ineffective assistance of counsel

{¶ 20} The second assignment of error states:

APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO PROFFER TESTIMONY OR EVIDENCE ON THE RECORD CONCERNING AN ENTRAPMENT DEFENSE.

Graham contends that defense counsel was ineffective because counsel failed to proffer evidence supporting an entrapment defense.

{¶ 21} "To reverse a judgment based on ineffective assistance, the record must

support a finding that defense counsel's performance was deficient, and that a reasonable probability exists that, but for counsel's omissions, the outcome would have been different." *State v. Jackson*, 2015-Ohio-5490, 63 N.E.3d 410, ¶ 27 (2d Dist.), citing *State v. Jones*, 1st Dist. Hamilton No. C-130359, 2014-Ohio-3110, ¶ 27, citing *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

**{¶ 22}** Graham has not alleged or supported a claim that any entrapment evidence was available to proffer. Like the State points out, it is entirely possible that the reason counsel did not proffer evidence of entrapment is that no real evidence existed. "Defense counsel cannot be found to be ineffective by failing to present or proffer evidence that does not exist." *Jackson* at ¶ 30.

**{¶ 23}** The second assignment of error is overruled.

### III. Conclusion

**{¶ 24}** We have overruled both assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .


TUCKER, J., concurs.

DONOVAN, J., dissents:

**{¶ 25}** A pre-trial motion in limine should not be used to test the adequacy of the entire defense case/strategy. The substantive effect of the trial court's ruling was to exclude evidence of a potential defense to the charges. A motion in limine is a powerful

tool designed to exclude inadmissible evidence and should not be used to preclude an accused from offering admissible evidence of an affirmative defense at trial.

{¶ 26} Significantly, the trial court did more than exclude entrapment discussion from voir dire and opening. The trial court ruled "to limit [any statements regarding entrapment] until such evidence has been provided sufficient to satisfy the requisite burden." Graham had a right to present the defense for the fact-finder's determination of whether or not the burden had been met.

{¶ 27} Whether a defense is "viable" is a jury question and the trial court "rarely rules on a defense as a matter of law." *United States v. Contento-Pachon,* 723 F. 2d 691, 639 (9th Cir.1984). Entrapment is a defense which is inextricably "intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution." *United States v. Santiago-Godinez,* 12 F.3d 722, 727 (7th Cir.1993).

{¶ 28} By requiring Graham to respond on the merits to the State's motion in limine before trial began, the court's action effectively compromised Graham's rights to be free from self-incrimination, to remain silent, and to the presumption of innocence.

{¶ 29} It is talismanic that both the accused and the prosecution have the right to present their theory of the case and their version of the facts, so that a jury can decide wherein the truth lies. *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967). Motions in limine, therefore, should be used with caution, and this is particularly so in criminal cases.

{¶ 30} It is one thing to grant a motion in limine the effect of which was to prohibit Graham from producing evidence in support of an affirmative defense. It is quite another

to allow the evidence to be presented, but to rule at the close of a defendant's case that the evidence was insufficient to make the defense as a matter of law. In this first scenario, the court chokes off the right of a defendant to attempt to prove the defense. In the latter, the court allows the defense to proceed, but rules the evidence insufficient to make a jury question. I must note that defense counsel may not fully appreciate the significance of evidence until it has been presented in the context of the actual trial. Under these circumstances, I believe it was error to enter an order in limine that prevented Graham from presenting evidence in an attempt to establish an affirmative defense; it is irrelevant whether the trial court, or this court, would have later found that she had not introduced sufficient evidence to create a jury question.

{¶ 31} Furthermore, I would find the Graham's attorney's performance deficient, as she failed to appreciate and respond appropriately to the trial court's order which eviscerated Graham's right to defend against the charges. Graham's counsel failed to recognize that the trial court's ruling effectively granted summary judgment to the State on the issue of entrapment and operated to diminish the State's burden of proof.

{¶ 32} A notice of alibi must be filed in a criminal case before trial, but notices of defenses such as self-defense, entrapment, and necessity are not required to be disclosed before trial, much less established before the very first witness is ever questioned. I would reverse.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Adam J. Arnold
Hon. Gerald Parker