[Cite as *Mt. Vernon v. Link*, 2014-Ohio-4231.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CITY OF MOUNT VERNON, OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14CA05 |
| WAYNE LINK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal form the Knox County Municipal
                            Court, Case No. 13-CRB-1165


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     September 22, 2014


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


CHARLES T. MCCONVILLE              WAYNE LINK, PRO SE
Law Director                       502 East Ohio Avenue, Apt. C
City of Mount Vernon               Mount Vernon, Ohio 43050
5 North Gay Street, Suite 222
Mount Vernon, Ohio 43050

*Hoffman, P.J.*

{¶1} Defendant-appellant Wayne Link appeals his conviction and sentence entered by the Knox County Municipal Court on one count of criminal damaging, in violation of Section 541.03(A) of the Codified Ordinances of the City of Mount Vernon, a misdemeanor of the second degree, following a jury trial. Plaintiff-appellee is the city of Mount Vernon ("the City").

## STATEMENT OF THE CASE AND FACTS

{¶2} On November 26, 2013, the City filed an affidavit against Appellant, charging him with the aforementioned violation. The affidavit alleged Appellant had damaged a video camera at the Mount Vernon Public Library on August 20, 2013. Appellant entered a plea of not guilty at his arraignment on December 6, 2013.

{¶3} Appellant filed a jury demand as well as a demand for discovery on December 9, 2013. The City filed a response to Appellant's request on December 10, 2013. Following a pretrial conference on December 26, 2013, the trial court scheduled the matter for jury trial on January 16, 2013. The City filed a continuing response to discovery, producing the August 20, 2013 daily security log from the Mount Vernon Public Library as well as the incident report completed the same day. Appellant filed a motion to compel on January 6, 2013. Therein, Appellant acknowledged receipt of the daily security log and incident report, but stated it was his "belief that the prosecutor must have more discovery available . . . because the information provided to him contains inconsistent statements by the security officer, Justin Thompson, a major witness for the prosecution." Motion to Compel Discovery at 2, unpaginated. Appellant

added he "believes the prosecutor has exculpatory information that should be provided to him." *Id.*

{¶4}   The matter proceeded to jury trial on January 16, 2014.   Prior to jury selection and outside the hearing of prospective jurors, the trial court heard the parties' arguments relative to Appellant's motion to compel.  The trial court denied the motion, but indicated if the City attempted to call any witness not previously disclosed, the trial court would readdress the motion.   Appellant then made an oral motion in limine seeking to exclude the video footage from the library camera as well as testimony regarding the footage.  The trial court overruled the motion.

{¶5}   The video footage depicting Appellant in the library the day of the incident was offered and admitted into evidence as Exhibit 1.   Justin Thompson, a library security guard, authenticated the video.  Thompson testified as to his knowledge of the library video security system, his training on copying security video footage onto discs, and the specific footage he copied for Exhibit 1.  Appellant objected to Exhibit 1, arguing lack of authentication, and relevancy.   The trial court overruled these objections. Thompson watched the video as it was played in court and testified the recording was a true and accurate copy of the library security video.  Appellant objected on the ground Thompson lacked personal knowledge, which the trial court also overruled.  When the State moved to admit Exhibit 1, Appellant renewed his objection, asserting the video was inflammatory.  The trial court admitted the Exhibit 1 over Appellant's objection.

{¶6}   After hearing all the evidence and deliberations, the jury found Appellant guilty of criminal damaging.  The trial court ordered a pre-sentence investigation, and advised Appellant to seek a mental health evaluation from Moundbuilders Guidance

Center, prior to sentencing on February 26, 2014. At the sentencing hearing, Appellant admitted he had not completed the psychological evaluation. The trial court noted for the record Appellant's failure in orders from two prior cases to undergo psychological evaluations. The trial court sentenced Appellant to 90 days in the Knox County Jail. The trial court offered to suspend the jail time if Appellant completed a psychological evaluation and followed all recommendations prior to his reporting date of April 22, 2014.

{¶7} It is from this conviction and sentence Appellant appeals, raising the following assignments of error:

{¶8} "I. THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S MOTION TO COMPEL DISCOVERY WHICH REQUESTED INFORMATION ABOUT WITNESSES THAT WERE NECESSARY FOR HIM TO PREPARE A DEFENSE.

{¶9} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING THE APPELLANT'S MOTION IN LIMINI [SIC]."

I

{¶10} In his first assignment of error, Appellant maintains the trial court erred in overruling his motion to compel discovery.

{¶11} In *Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. at 1196-1197, 10 L.Ed.2d at 218, the United States Supreme Court stated:

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

**{¶12}** In order to establish a *Brady* violation, Appellant must demonstrate three elements: first, the prosecution failed to disclose evidence upon request; second, the evidence was favorable to the defense; and third, the evidence was material. See, *Moore v. Illinois* (1972), 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706.

**{¶13}** Despite Appellant's belief the prosecutor had additional undisclosed exculpatory evidence, the prosecutor denied having same. There is nothing in this record to affirmatively demonstrate otherwise.

**{¶14}** Assuming, *arguendo,* the State failed to disclose evidence, the record herein does not demonstrate such evidence was favorable to Appellant. Without some record demonstration of this element, we are left to speculate whether any undisclosed evidence complained of would be exculpatory to Appellant; therefore, we cannot find the trial court erred in overruling his motion to compel.

**{¶15}** Appellant's first assignment of error is overruled.

II

**{¶16}** In his second assignment of error, Appellant contends the trial court abused its discretion in overruling his motion in limine.

**{¶17}** "A motion in limine is a motion directed to the inherent discretion of the trial court judge to prevent the injection of prejudicial, irrelevant, inadmissible matters into trial." *Mason v. Swartz* (1991) 76 Ohio App.3d 43, 55, 600 N.E.2d 1121. "[D]ecisions granting or denying a motion in limine are reviewed under an abuse-of-discretion standard of review." (Citation omitted.) *Estate of Johnson v. Randall Smith, Inc.,* 135 Ohio St.3d 440, 2013–Ohio–1507, 989 N.E.2d 35, ¶ 22. "For an abuse of

discretion to have occurred, the trial court must have taken action that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *Id.*

**{¶18}** Upon review of the record, we find the trial court did not abuse its discretion in overruling Appellant's motion in limine. Security guard Thompson authenticated Exhibit 1. Additionally, Thompson testified as to his knowledge of the library video security system, his training on copying security video footage onto discs, and the specific footage he copied for Exhibit 1.

**{¶19}** In his Brief to this Court, Appellant also argues the trial court should have given a limiting instruction to the jury as Exhibit 1 was not relevant to the issue of damages. "It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *Dudley v. Dudley,* 12th Dist. Butler No. CA2008–07–165, 2009–Ohio–1166, ¶ 18. As Appellant did not present this argument to the trial court, we need not consider the issue on appeal. Assuming, arguendo, Appellant had done so, we would also overrule this assignment as we find the videotape relevant.

**{¶20}** Appellant's second assignment of error is overruled.

     **{¶21}**  The judgment of the Knox County Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur