[Cite as *Huntington Natl. Bank Successor v. Miller*, 2016-Ohio-5860.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The Huntington National Bank Successor    :
By Merger to Sky Bank,

                                       :

         Plaintiff-Appellee,                      No. 14AP-586

                                         :                (C.P.C. No. 12CV-7679)

v.

                                         :                (REGULAR CALENDAR)

Terrance A. Miller,

                                         :

         Defendant-Appellant.                     :

                                         :

D E C I S I O N

Rendered on September 15, 2016

**On brief:** *Carlisle, McNellie, Rini, Kramer & Ulrich, Co., LPA,* and *Eric T. Deighton,* for appellee. **Argued:** *Eric T. Deighton.*

**On brief:** *Terrance Miller*, pro se. **Argued:** *Terrance A. Miller.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Terrance A. Miller, pro se, appeals from a judgment entry of the Franklin County Court of Common Pleas for a decree in foreclosure issued in favor of plaintiff-appellee, The Huntington National Bank Successor by Merger to Sky Bank ("Huntington"). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On June 14, 2012, Huntington filed a complaint for judgment on a promissory note ("the note") and foreclosure of a mortgage to secure the note for the property located at 1412-1416 Miller Avenue in Columbus ("the property"). The complaint

alleges Miller is the obligor on the note secured by a mortgage on the property, that the note is in default, that Huntington has possession of the note, that Huntington is entitled to judgment in the amount of $46,001.51, plus interest from February 1, 2012, and that Huntington is entitled to foreclose the property and force a sale of the property. Huntington attached both the note and the mortgage to the complaint, and both are made out to Sky Bank. Huntington averred it is the successor by merger to Sky Bank.

{¶ 3}  In an answer filed July 16, 2012, Miller admitted that Huntington was the holder of the mortgage, but he denied he had violated the terms of the note or mortgage by being in default of payment. Additionally, Miller asserted several counterclaims including that Huntington had filed a frivolous lawsuit, wrongful foreclosure, illegal and fraudulent sheriff's sale, harassment, a violation of the Fair Credit Reporting Act, misrepresentation, and negligence. Miller sought $500,000 in compensatory and punitive damages.

{¶ 4}  On September 20, 2012, Miller filed his answers to interrogatories and request for admissions and admitted that the copies of the note and mortgage attached to the complaint are true and accurate copies of the original instruments that Miller signed. Miller further admitted he received a copy of the notice of acceleration. However, Miller also stated in his answers to interrogatories that he never entered into a relationship with Huntington and had no contractual relationship with Huntington.

{¶ 5}  At a bench trial on January 22, 2014, Alexander Fant, a litigation specialist for Huntington, testified he reviewed the records associated with the property, including the original note. Fant testified that the original note was between Miller and Sky Bank in the principal amount of $53,600 with an interest rate of 5.625 percent. The note had been endorsed in blank by the senior vice president of Sky Bank. Huntington produced the original note in court, and Fant testified Huntington took possession of the note in approximately 2007 when Huntington merged with Sky Bank. Further, Fant testified Huntington had possession of the note in June 2012 when Huntington filed the foreclosure action.

{¶ 6}  Similarly, Huntington produced the original mortgage related to the property. Fant testified the mortgage was recorded on March 4, 2004 with Miller as the borrower and Sky Bank as the lender. Fant reiterated that Huntington had merged with

Sky Bank, and Huntington produced a "certificate of merging out of existence for Sky Bank into Huntington." (Tr. at 17.)

{¶ 7}   Fant also identified the notice of intention to accelerate and foreclose that Huntington sent to Miller on April 26, 2012. Fant said the notice of acceleration informed Miller of the delinquency on the account, the amount needed to be paid to bring it current, and that Huntington would accelerate the debt and begin foreclosure proceedings if Miller did not pay that amount. Pursuant to his review of the records, Fant said there was a delinquency in Miller's account. Fant testified that Huntington put a force-placed insurance on Miller's account in 2011 and his account incurred a negative disbursement in order to pay the force-placed insurance. Once Miller obtained insurance, Huntington refunded Miller that negative disbursement, but the refund did not cover the entire amount, leaving a difference of $401.73. Huntington notified Miller he would need to increase his monthly payments in order to cure this arrearage. Fant identified a document Huntington sent to Miller in February 2011 explaining the balance and explaining the escrow account that would allow Miller to pay that balance over time in a monthly payment.

{¶ 8}   Fant testified that despite Huntington notifying Miller of the change in his payments, Miller did not send in the correct payment amount. Beginning in April 2012, Huntington began refusing Miller's payments because they were not in the correct amount. Miller again sent in the wrong amount in May, June, and July 2012, failing to include the amount needed to cure the escrow, and each time Huntington placed those payments in its suspense accounts and then returned the payments to Miller. Fant testified that based on the payment history, the last payment that Huntington accepted from Miller was in March 2012, and the last payment Miller ever tendered was in July 2012. Fant said Miller did not make any payments from August 2012 until the time of trial in January 2014. Fant testified that Miller's loan is in default and that Huntington has properly accelerated the loan. Huntington's exhibits were all admitted without objection from Miller.

{¶ 9}   Miller introduced documents showing that his monthly payment under the original note was $308.56. He also introduced copies of checks or cancelled checks Miller issued from December 2011 through July 2012 in the amount of $308.56. Miller argued

he was not in default of the loan as he continued to send in monthly payments through July 2012. Following the trial, the trial court concluded Huntington was the holder of the note and mortgage, that Miller was in default, and that judgment should be entered in favor of Huntington in the principal amount of $46,001.51 with interest from March 16, 2012. The trial court journalized its decision in a February 3, 2014 judgment entry, granting judgment to Huntington on its claims for judgment on the note and foreclosure of the mortgage and dismissing Miller's counterclaims, specifically finding that Huntington was the successor by merger to Sky Bank and that Huntington is entitled to foreclosure of the mortgage.

{¶ 10} Miller filed a motion for relief from judgment on January 30, 2014, and the trial court denied his motion on February 6, 2014. On March 3, 2014, Miller filed a motion for new trial. A sheriff's sale of the property occurred May 16, 2014, and the trial court confirmed the sale in a June 12, 2014 judgment entry, ordering distribution of the sale proceeds. Miller filed a notice of appeal on July 24, 2014, and this court sua sponte stayed the appeal pending the outcome of the trial court's ruling on Miller's motion for new trial. The trial court denied Miller's motion for new trial in a February 11, 2016 decision and entry. This court subsequently reactivated the appeal.

## II. Assignments of Error

{¶ 11} Miller assigns the following errors for our review:

> [1.] The trial court erred in finding that payments submitted by Appellant were not in compliance with the "note."
>
> [2.] The trial court erred in finding that standing was not an issue and was legally established by mere possession of the note and mortgage.

## III. First Assignment of Error – Payments

{¶ 12} In his first assignment of error, Miller argues the trial court erred in concluding Miller failed to make payments in compliance with the note and was thereby in default of the loan. More specifically, Miller asserts the trial court erred in accepting Fant's testimony as a credible version of events because Fant was inconsistent on whether Huntington accepted Miller's attempted payments and whether those payments rendered him in default. This is a challenge to the weight of the evidence.

{¶ 13} In civil cases, a reviewing court will not reverse the judgment as being against the manifest weight of the evidence if some competent, credible evidence supports all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978). In determining whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trial court are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.*

{¶ 14} Here, there was ample, undisputed evidence that Miller was not making the correct payments and thus was in default of the loan. Fant testified that due to the arrearage, Miller's payment amount had increased and that Huntington notified Miller of the increase in February 2011. Despite that notification, Miller continued to send payments in an insufficient amount. From April to July 2012, Huntington returned those payments to Miller. From August 2012 until the time of trial, Miller made no payments at all.

{¶ 15} Miller seems to argue that his attempted payments from April to July 2012, even though in an insufficient amount, should have prevented his loan from being in default. Even assuming arguendo that this proposition has merit, Miller offers no explanation for his complete failure to make any payments from August 2012 to the time of trial. Thus, having reviewed the entire record and weighed the evidence, we conclude the judgment is not against the manifest weight of the evidence. Miller's payments were inadequate due to the arrearage on his account, Huntington refused Miller's payments as insufficient from April to July 2012, and Miller made no payments beginning in August 2012. Accordingly, we overrule Miller's first assignment of error.

## IV. Second Assignment of Error – Standing

{¶ 16} In his second and final assignment of error, Miller argues the trial court erred in determining Huntington had standing to file the foreclosure action.

{¶ 17} "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." *Ohio Contractors Assn. v. Bicking*, 71 Ohio

St.3d 318, 320 (1994), citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Generally, a question of standing is a question of law that an appellate court reviews de novo. *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-905, 2009-Ohio-2400, ¶ 9, citing *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Cty. Commrs.*, 2d Dist. No. 22664, 2008-Ohio-6542. In a foreclosure action, a party establishes standing to bring the action by demonstrating it was entitled to enforce the note and that it had an interest in the mortgage on the date it filed the complaint in foreclosure. *Wells Fargo Bank, N.A. v. Odita*, 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 9, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28 (stating "because [Federal Home Loan] failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court").

{¶ 18} As this court has previously held, a party's possession of a note containing a blank endorsement at the time of filing the complaint sufficiently establishes the party is the holder of the note and has the ability to enforce the note. *Odita* at ¶ 10, citing *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 33 (concluding the bank was the holder of the note because it was in possession of a promissory note containing a blank endorsement). Huntington produced the original note at trial, and Fant testified Huntington had possession of the note at the time Huntington filed the complaint.

{¶ 19} Additionally, "[t]his court has previously held that negotiation of a note secured by a mortgage operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." *Odita* at ¶ 12, citing *Pasqualone* at ¶ 39, citing *United States Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 32. " 'In other words, "[t]he physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." ' " *Odita* at ¶ 12, quoting *Gray* at ¶ 32, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 65. The evidence at trial demonstrated that Huntington had physical possession of the note bearing a blank endorsement from Sky Bank, as well as having physical possession of the mortgage. The transfer of the note from Sky Bank to

Huntington constituted an equitable assignment of the mortgage, and Huntington thus had standing to enforce the mortgage when it filed the complaint. *Odita* at ¶ 12, citing *Gray* at ¶ 34, and *Pasqualone* at ¶ 40. Because Huntington had standing to enforce the mortgage when it filed the complaint, we overrule Miller's second assignment of error.

## V. Disposition

{¶ 20} Based on the foregoing reasons, the trial court's judgment was not against the manifest weight of the evidence, and the trial court did not err in determining Huntington had standing to bring the foreclosure action. Having overruled Miller's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

————————————