[Cite as *Anderson v. Clark*, 2021-Ohio-1210.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

KATHLEEN PERRY ANDERSON

    Plaintiff-Appellant

v.

OLIVIA CLARK, et al.

    Defendant-Appellee

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 28791

Trial Court Case No. 2019-CV-1348

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of April, 2021.

. . . . . . . . . . .

MICHAEL R. ECKHART, Atty. Reg. No. 0031450, 5335 Far Hills Avenue, #109, Dayton,
Ohio 45429
    Attorney for Plaintiff-Appellant

OLIVIA CLARK, 2231 Keenan Avenue, Dayton, Ohio 45414
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Kathleen Perry Anderson appeals from a trial court judgment dismissing her complaint in foreclosure against Olivia Clark, and others, based on Anderson's failure to prove default and the amount due. There was competent, credible evidence to support the court's judgment, so we affirm.

## I. Factual and Procedural Background

{¶ 2} On February 15, 2012, Anderson and Clark executed a promissory note for $48,000 plus interest, which matured in February 2022.   The note required Clark to make monthly payments. Clark used the money to purchase a house, and she gave Anderson a mortgage on the house as security for the note.

{¶ 3} Several years later, in May 2018, Anderson agreed to let Clark stop making payments so that Clark could make repairs to the house with an eye to selling it. After the repairs were done, Clark found a buyer, but Anderson would not agree to the sale, because they could not agree how much Clark owed under the note. Clark hired an accountant to figure out what she owed, and he came up with an amount much lower than the $25,000 that Anderson claimed she was owed. Ultimately, the sale of the house fell through.

{¶ 4} In March 2019, Anderson filed a complaint against Clark, and other potentially interested parties, seeking to enforce the note and to foreclose on the mortgage. Anderson alleged that Clark had defaulted on the note and owed around $25,762, plus interest. A bench trial was held in January 2020, at which both Anderson and Clark testified and presented other evidence, including the testimony of Clark's accountant. On March 20, 2020, the trial court entered judgment against Anderson. The

trial court dismissed the case after concluding that Anderson had failed to present sufficient evidence that all conditions precedent to foreclosure had been met, had failed to prove that Clark was in default, and had failed to prove the amount of principal and interest that was due.

{¶ 5} Anderson appeals.

## II. Analysis

{¶ 6} Anderson assigns three errors to the trial court. The first assignment of error alleges that the trial court erred by concluding that the evidence was insufficient to prove that Clark owed any amount of principal and interest due under the note. The second assignment of error alleges that the trial court erred by concluding that all conditions precedent were not met. The third assignment of error alleges that the trial court erred by not admitting copies of payment receipts. We begin with the third assignment of error.

## A. Exclusion of payment receipts

{¶ 7} The third assignment of error alleges:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ADMIT PLAINTIFF'S EXHIBIT "E" WHICH WERE PLAINTIFF'S CARBON COPIES OF THE PLAINTIFF'S RECEIPTS.

{¶ 8} Plaintiff's Exhibit E consisted of copies of all but six handwritten payment receipts that Anderson made recording Clark's payments. Many of the receipts contained discrepancies, because Anderson used several different receipt books with carbon copies, and she later altered the carbon copies with different colored pens and pencils, claiming that the carbon was often misplaced. Also, many of the receipts stated only the payment month without the year. Anderson admitted that, in some instances, she added

the year and made changes to the receipts later after this dispute arose. Because the receipts had been altered, the trial court refused to admit them. Anderson argues that the trial court should have admitted them anyway, because she testified extensively about them during direct and cross-examination.

{¶ 9} "Decisions involving the admissibility of evidence are reviewed under an abuse-of-discretion standard of review." (Citation omitted.) *Estate of Johnson v. Randall Smith, Inc.*, 135 Ohio St.3d 440, 2013-Ohio-1507, 989 N.E.2d 35, ¶ 22. "For an abuse of discretion to have occurred, the trial court must have taken action that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *Id*.

{¶ 10} Given the problems with the receipts, we see nothing unreasonable, arbitrary, or unconscionable about the trial court's decision not to admit them. Anderson admitted that the receipts were altered after the dispute arose. This significantly undermined—if not eliminated—their value as credible evidence. In any event, the court did not abuse its discretion in this regard.

{¶ 11} The third assignment of error is overruled.

### B. Conditions precedent

{¶ 12} The second assignment of error alleges:

TRIAL COURT ERRED IN DETERMINING THAT DEFENDANTS WERE
NOT PROVIDED PROPER NOTICE OF ACCELERATION OF THE NOTE,
THEREFORE THE CONDITION PRECEDENT TO FORECLOSURE WAS
NOT MET.

{¶ 13} The trial court found no evidence that the note's provision regarding notice of acceleration, a condition precedent to foreclosure, had been satisfied. The court relied

on Clark's testimony that she had never received a notice of acceleration and Anderson's failure to present evidence that she had. While the notice was mailed to Clark's address twice, the court noted that both mailings were returned undelivered. Anderson argues that the note did not require that Clark actually receive notice, but only that notice be sent.

{¶ 14} There are two provisions in the note regarding notice of acceleration. Paragraph 6(C), "Notice of Default," provides:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on the amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

And paragraph 7, "Giving of Notices," pertinently provides:

> Unless applicable law requires a different method, any notice that must be given to me under the Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

{¶ 15} Anderson testified that she authorized her attorney to send the notice of acceleration. She presented copies of the two certified envelopes used to send the notice, which had been returned as undelivered. The trial court indicated that it was looking for evidence that the notice of acceleration had been delivered, saying, "I will give them whatever weight is deemed appropriate; but the fact that this notice came back is something I have to give very strong consideration to." (Tr. 79.) When Anderson's

attorney offered to testify that he sent the two envelopes containing the notice of acceleration to Clark, the court said, "I'll assume that. That is fine. And they clearly weren't delivered." (Tr. 134.)

{¶ 16} We agree that the trial court incorrectly required actual delivery for the acceleration notice condition to be satisfied. We held in *Ocwen Loan Servicing, LLC v. Malish*, 2018-Ohio-1056, 109 N.E.3d 659 (2d Dist.), that an identical notice provision in the note in that case did not require delivery to be satisfied. We observed that, if delivery were required, one might simply ignore the notice laying in the mailbox. "This is likely why the mortgage deems undesirable mail, like a notice of default, is given when it is sent and, unlike the more formal civil rules, the mortgage terms contain no requirement of ordinary mail redelivery." *Id.* at ¶ 41.

{¶ 17} The second assignment of error is sustained although this conclusion does not result in reversal of the judgment of dismissal of the complaint for the reasons that follow.

### C. Default and amount due

{¶ 18} The first assignment of error alleges:

TRIAL COURT ERRED IN NOT FINDING THE DEFENDANTS OLIVIA CLARK AND ERIC CLARK OWED PLAINTIFF THE AMOUNT ON THE NOTE OR A LESSER AMOUNT.

{¶ 19} The trial court found that Anderson had failed to present sufficient evidence of the amount of principal and interest that Clark owed.

{¶ 20} "The 'standard of review following a civil bench trial is whether the trial court's judgment [was] against the manifest weight of the evidence.' " *Somerfield v. Budz*,

2d Dist. Montgomery No. 28437, 2019-Ohio-4804, ¶ 9, quoting *Downtime Rebuild, L.L.C. v. Trinity Logistics, Inc.*, 2019-Ohio-1869, 135 N.E.3d 1253, ¶ 12 (1st Dist.). "Accordingly, a judgment supported by competent, credible evidence should not be reversed on appeal." *Id.*, citing *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-586, 2016-Ohio-5860, ¶ 13, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).   "An appellate court applying this standard 'is guided by a presumption that the [trial court's] findings of [fact were] correct.' "  *Id.*, citing *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-586, 2016-Ohio-5860, ¶ 13, citing *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "Typically, 'an appellate court should not disturb a trial court's findings of fact if the record contains competent, credible evidence to support those findings.' " *Parker v. Newmark Homes, Inc.*, 2d Dist. Montgomery No. 25686, 2013-Ohio-4402, ¶ 20, quoting *Johnson v. Albers,* 1st Dist. Hamilton No. C-110628, 2012-Ohio-1367, ¶ 17, citing *C.E. Morris* at syllabus.

### *Default*

{¶ 21} The trial court found that Clark was not in default because the mortgage was in forbearance until the house sold. Presumably, the time in which the parties anticipated that the house would be sold was not indefinite.  However, at trial, both parties testified that Anderson agreed to forbear payments, but they differed on how long the forbearance was to last. Anderson testified that she agreed to a short forbearance, until the house was fixed up and ready for sale. Anderson testified that, once the house was fixed up, she told Clark, " 'Now that the house is ready, I want you to start paying again * * *.' " (Tr. 30.) But Clark testified that Anderson agreed to forbear payments until

the house was sold:

> Q: Did she agree to defer your payments while you fixed it and sold it?
>
> A: Yes.
>
> Q: Okay.
>
> A: She did say that. That she wanted what she's owed when the house sold.

(Tr. 101-102.)

**{¶ 22}** The trial court evidently believed Clark over Anderson. We see no reason to second guess the court's decision on this factual question. Therefore, given that at the time of trial the house had not yet sold, the mortgage was still in forbearance and Clark was not in default. Whether that forbearance could reasonably be said to continue after the trial is not before us.

*Principal and interest due*

**{¶ 23}** As to the principal and interest due, the trial court did not find Anderson's testimony credible regarding payments under the note and, as we discussed earlier, the court refused to admit Anderson's payment receipts. Anderson claimed she was owed $25,762. (Tr. 27.) Clark herself testified about the balance due: "I believe the CPA report states it. It's $11,000 and something." (Tr. 20.) Clark presented the testimony of Carl Towe, the accountant whom she had retained to calculate what she owed under the note. He testified that his calculations showed a balance as of September 1, 2018 of

$11,873.17. (Tt. 81, Exhibit D6.)[1] Anderson did not present any expert evidence rebutting Towe's calculations.

{¶ 24} Although Anderson's complaint was titled "Complaint in Foreclosure," and the trial court treated Anderson's claim only as a foreclosure, the complaint actually had two causes of action: one for judgment on the note and the second for foreclosure against the property to satisfy the debt. In *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, the Ohio Supreme Court held that, "[w]e have long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Id.* at ¶ 25, citing and quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947). If appropriate then, a court could enter judgment on the note even if a foreclosure were not granted on the mortgage.

{¶ 25} Given Clark's admission as to the amount due, and her CPA's exhibit showing an amount due as of September 1, 2018 of $11,873.17 (with interest accumulating at 5% per year), the evidence demonstrated the amount due was at least $11,873.17, plus interest, regardless of whether Anderson proved she was owed $25,762. It is Anderson's contention that the court should have entered judgment as to the amount due, whatever that amount may be, as determined from the evidence. On this record, we disagree.

{¶ 26} The trial court concluded that Anderson had failed to prove that Clark was in default. Given this conclusion, Anderson was not entitled to judgment on the note

---

[1] The transcript lists the amount as $1,187.17 but that is clearly a transcription or typographical error. Towe was asked about the writing at the top of his amortization schedule, D6, which undoubtedly indicated $11,873.17.

regardless of the amount due. Anderson's complaint was not one for declaratory judgment for the trial court to determine the dispute about the amount due on the note, it was for an enforceable monetary judgment and for foreclosure. Without proof of default, a judgment on the note was properly rejected. We recognize that the trial court incorrectly concluded that Anderson failed to prove the amount due on the note. Actually, what Anderson failed to prove was that she was due $25,762. There was definitive evidence that the amount due as of September 1, 2018 was at least $11,873.17, plus 5% interest. But the amount due on the note was inconsequential if Clark was not proven to be in default. Because others might argue or conclude that the trial court's findings about the amount due, or not due, on the note had preclusive effect in subsequent litigation to declare rights under the note or to enforce the note, we will modify the judgment to delete the unnecessary findings and conclusions about the amount due on the note or the sufficiency of evidence thereon. But lack of evidence of default as of the time of trial precluded judgment on the note.

{¶ 27} The first assignment of error is overruled.

### III. Conclusion

{¶ 28} To succeed in her claim on the note and in her foreclosure action, Anderson had to prove, in addition to being the holder of the note and mortgage, that Clark was in default, the amount of principal and interest due, and that all conditions precedent had been satisfied. *See Ocwen,* 2018-Ohio-1056, 109 N.E.3d 659, at ¶ 31. Although we conclude that the trial court was incorrect in finding notice of acceleration of the debt was not perfected, Anderson failed to prove default. Therefore, the trial court's conclusion that

Anderson was not entitled to foreclosure was correct.

{¶ 29} The trial court's judgment is modified to exclude findings or conclusions regarding the sufficiency of evidence of the amount due on the note. As modified, the judgment of dismissal is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Michael R. Eckhart
Olivia Clark
Michele Phipps
Eric Clark
Hon. Mary Katherine Huffman