[Cite as *Vargo v. Massa*, 2024-Ohio-1973.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BRITTANY VARGO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner- Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| KEVIN MASSA, | : | Case No. 2023CA00114 |
| | : | |
| Respondent - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
                                of Common Pleas, Family Court
                                Division, Case No. 2023 DV 66



JUDGMENT:                       Reversed and Remanded



DATE OF JUDGMENT:               May 22, 2024



APPEARANCES:

For Petitioner-Appellant                For Respondent-Appellee

HENNA R. SCHAFER                        KEVIN MASSA, Pro Se
SHANNON R. DILLON                       1428 Rowland Ave NE
Community Legal Aid Services            Canton, Ohio 44705
401 Market Ave., North, Suite 103
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Appellant Brittany Vargo appeals the trial court's decision overruling her objection to the magistrate's denial of her Petition for Domestic Violence Civil Protection Order. The appellee is Kevin Massa.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant and appellee were in a relationship for a number of years and, although never married, resided together. They have three children together.

**{¶3}** On June 15, 2023, the appellant filed a Petition for Domestic Violence Civil Protection Order with the trial court. Her written petition statement was detailed and lengthy, and included specific incidents, with dates, of the appellee's alleged violence towards her. Her ex parte request was granted, and a full hearing was scheduled.

**{¶4}** On June 27, 2023, the full hearing on the appellant's petition proceeded before the magistrate. Both parties appeared pro se. The appellant testified that the appellee raised a bat to her, threatened to kill her, and held a gun to her. The appellant also testified that the appellee hit her in the face with a hanger and pushed her into a cabinet in the bathroom. She testified further that she was afraid of the appellee, and was afraid to go home. During her testimony, the appellant told the magistrate that she had with her evidence of the appellee's violent and abusive behavior in the form of pictures and voice recordings on a flash drive. The magistrate failed to acknowledge or respond to the appellant's reference to this evidence. The magistrate proceeded to ask if the appellant had anything else she wished to say, which she did not.

**{¶5}** The appellee waived his opportunity to cross-examine the appellant, and proceeded to his case in chief. The appellee testified that he loved the appellant, that he

believed the appellant was cheating on him, and that the petition was an attempt to force him from his home. The appellee did not refute the appellant's allegations of domestic violence until the magistrate explicitly questioned him. The appellee testified that he had "never done any violence towards" the appellant.

{¶6} The appellant was then given an opportunity to cross examine the appellee, at which time she attempted to impeach him with her photographic and audio evidence of the alleged abuse. However, the magistrate denied her efforts to submit the evidence of the alleged abuse, stating that the appellant was required to present any photographs or voice recordings during her case in chief only, and that because her case was over she was not permitted to submit the evidence.

{¶7} The magistrate announced her findings at the conclusion of the hearing, stating that the definition of domestic violence is narrow and does not include "bad behavior, shouting, screaming and ugliness toward one another." The magistrate also stated that she did not hear testimony that the appellee "actually" harmed the appellant, determined that the appellant had not met her burden of proof, and denied her request for a full civil protection order.

{¶8} The magistrate issued a written Magistrate's Decision on June 28, 2023, in which she denied the request for a Full Civil Protection Order and dismissed the case. On July 11, 2023, the appellant, through counsel, objected to the Magistrate's Decision, and on July 24, 2023 filed a supplemental memorandum in support of the Objections to the Magistrate's Decision. On August 14, 2023, the trial court conducted a hearing on the appellant's objections. The appellant appeared with counsel, and the appellee appeared

pro se. The trial court overruled the appellant's Objections to the Magistrate's Decision the same day.

{¶9}    The appellant filed a timely appeal in which she sets forth the following three assignments of error:

{¶10} "I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S REQUEST FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WHERE THE MANIFEST WEIGHT OF THE EVIDENCE SUPPORTED THE ISSUANCE. (MAGISTRATE'S DECISION OF JUNE 28, 2023)."

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT THE OPPORTUNITY TO FULLY PROSECUTE HER CASE AS A PRO SE LITIGANT WHEN IT REFUSED TO ALLOW HER TO PRESENT PHYSICAL EVIDENCE IN SUPPORT OF HER TESTIMONY. (PROTECTION ORDER HEARING TR. AT 5 LINES 16-20, 8 LINES 7-14)."

{¶12} "III. THE TRIAL COURT ERRED WHEN IT MISAPPLIED REVISED CODE 3113.31 IN DENYING THE APPELLANT'S REQUEST FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER. (PROTECTION ORDER HEARING TR. AT 8, LINES 17-19)."

## STANDARD OF REVIEW

{¶13} "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. R.C. 3113.31(D)." *Felton v. Felton,* 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of the syllabus. "Preponderance of the evidence" is "evidence which is of greater weight or more

convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole show that the fact sought to be proved is more probable than not." *Black's Law Dictionary* 1182 (6th Ed.1990).

**{¶14}** A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

**{¶15}** The decision regarding whether to grant a civil protection order lies within the sound discretion of the trial court. *L.L. v. R.B.,* 5th Dist. Guernsey No. 17 CA 02, 2017-Ohio-7553, 2017 WL 3980553; *Singhaus v. Zumbar*, 5th Dist. Tuscarawas No. 2015AP020007, 2015-Ohio-4755, 2015 WL 7300195. In addition, "[d]ecisions involving the admissibility of evidence are reviewed under an abuse-of-discretion standard of review." *Est. of Johnson v. Randall Smith, Inc.*, 135 Ohio St. 3d 440, 2013-Ohio-1507, 989 N.E.2d 35 at ¶ 22.

**{¶16}** In order to find an abuse of discretion, the appellate court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**ANALYSIS**

{¶17} We begin our analysis with the appellant's second assignment of error, in which she argues that the trial court abused its discretion when it refused to permit her to submit evidence of her claims of domestic violence. We agree.

{¶18} The appellant testified during the presentation of her case that she had photographic evidence and voice recordings demonstrating the appellee's violent and abusive behavior in her possession at the time of the hearing. The magistrate failed to acknowledge or respond to the appellant's statement regarding this evidence. The appellant made no further attempt to proffer the evidence during the presentation of her case.

{¶19} During the appellee's presentation of his case, he refuted the appellant's allegations of domestic violence when questioned by the magistrate, testifying that he had "never done any violence towards her." The appellant was then given an opportunity to cross examine the appellee, at which time she attempted to impeach him with her photographic and audio evidence of the alleged abuse. The magistrate prohibited her from submitting her evidence of the appellee's alleged abuse, stating that the appellant was required to present any photographs or voice recordings during her case in chief only, and that because her case was over she was not permitted to submit the evidence. We find that the magistrate's refusal to permit the appellant to proffer this rebuttal evidence was an abuse of discretion.

{¶20} The court in *State v. Bowman*, 144 Ohio App. 3d 179, 759 N.E.2d 856 succinctly defined rebuttal evidence as follows:

Rebuttal evidence is that which is given to explain, refute, counteract, or disprove facts given in evidence by the adverse party. *State v. McNeill*

(1998), 83 Ohio St.3d 438, 446, 700 N.E.2d 596, 605–606; *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 35, 7 OBR 34, 37–38, 454 N.E.2d 177, 181–182. Rebuttal evidence becomes relevant only to challenge the evidence offered by the adverse party, and such evidence limits its scope. *Id.* The admission or exclusion of rebuttal testimony is within the discretion of the trial court and will not be reversed absent an abuse of discretion. See, *e.g., McNeill,* 83 Ohio St.3d at 446, 700 N.E.2d at 605–606.

   Evid.R. 613 governs the procedures for impeachment of a witness by self-contradiction.[2] There are two types of self-contradiction impeachment recognized by Evid.R. 613: prior inconsistent statements and prior inconsistent conduct. Extrinsic evidence of a prior inconsistent statement or prior inconsistent conduct is generally admissible if two conditions are met. See Evid.R. 613(B). First, if the evidence is offered for the sole purpose of impeaching the witness, the proponent must lay the proper foundation and the witness must have the opportunity to explain or deny the inconsistent behavior or conduct.[3] Evid.R. 613(B)(1); *State v. Hartman* (Apr. 5, 1999), Clermont App. No. CA98–06–040, unreported, 1999 WL 188145.

*Id.* at 186–187.

**{¶21}** The appellant attempted to proffer her photographic and audio evidence in order to rebut the appellee's testimony in which he asserted that he had "never done any violence towards her." We cannot say if the appellant would have been able to lay the proper foundation, as the magistrate did not allow the appellant proffer the evidence. This

was not only an error of law, as parties have an absolute right to submit evidence to rebut an opponent's testimony if a proper foundation is laid and the witness can respond, it was also unreasonable, arbitrary, and capricious. We therefore sustain the appellant's second assignment of error, and remand the matter to the trial court for further proceedings consistent with this opinion.

{¶22} In light of our decision regarding assignment of error number two, we find that assignments of error numbers one and three are moot. We note, however, that the definition of the term "domestic violence" encompasses more than the narrow definition referenced by the magistrate at the conclusion of the June 27, 2023 hearing. The term is defined in R.C. 3113.31, which states in pertinent part:

(A)    As used in this section:

(1)    "Domestic violence" means any of the following:

(a)    The occurrence of one or more of the following acts against a family or household member:

(i)    Attempting to cause or recklessly causing bodily injury;

(ii)   Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;

(iii)  Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(iv)   Committing a sexually oriented offense.

(b)　　The occurrence of one or more of the acts identified in divisions (A)(1)(a)(i) to (iv) of this section against a person with whom the respondent is or was in a dating relationship.

## CONCLUSION

**{¶23}** Based upon the foregoing, the judgment of the Stark County Court of Common Pleas, Family Court Division, is hereby reversed and remanded back to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.